## Imperial Seating Company for use of Wisconsin Seating Company, Appellee, v. Bloomington Opera House, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed October 13, 1916.

### Statement of the Case.

Suit in chancery by the Imperial Seating Company for use of the Wisconsin Seating Company, complainant, against the Bloomington Opera House, defendant, based on a contract for chairs for an opera house, these to be furnished by the complainant to the defendant. From a decree in favor of complainant for $975.32, defendant appeals, the complainant assigning cross error.

R. C. DE MANGE and FRANK GILLESPIE, for appellant.

LIVINGSTON & BACH, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1396*—*when findings of chancellor will not be disturbed.* Findings of a chancellor on questions of fact, particularly when such findings are based on and are in accordance with the verdict of a jury, are given great weight in courts of review, and will never be set aside unless they are clearly and manifestly contrary to the weight of competent evidence.

2. DAMAGES, § 179*—*when evidence as to receipts at opening of old opera house is inadmissible in action for breach of contract to furnish seats for new building.* Where, in a suit by a chair manufacturer based on a contract for chairs for an opera house, the defendant claimed damages resulting from failure of the manufacturer to deliver within the time fixed by the contract and from the chairs not being as ordered, *held* that evidence as to what the receipts of an old opera house were at its opening twenty years before the opening of the new one for the purpose of comparing with the receipts at the opening of the new opera house was inadmissible as a basis of estimating the defendant's damages.

3. APPEAL AND ERROR, § 1699*—*when right to rely on denial of motion for directed verdict is waived.* Where the complainant in a suit introduced a contract on which it based its right of recovery and then rested, and the defendant moved for a directed verdict on the ground that in order to make its case the complainant should have shown performance of the contract, and, on denial of the motion, proceeded to introduce evidence on the question of performance, *held* that it could not rely for reversal on the denial of the motion, and the Appellate Court must determine the case on all the evidence in the record.

4. CONTRACTS, § 306*—*when party must perform contract in accordance with its terms.* While a party to a contract may treat it as abandoned on the other party's failure to perform its part and thus avoid any claim for damages, yet, if after such breach it undertakes to perform, it must do so in accordance with the terms of the contract or respond in damages for failure to do so.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.